UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALIA CHAUDHRI, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| ALLIED INTERSTATE, LLC | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Dalia Chaudhri, by and through her undersigned counsel, states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, ("FDCPA") by the Defendant.

2. Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3. Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as the Defendant transacts business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. Plaintiff Dalia Chaudhri is an adult individual residing in New York and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

1

6. Defendant Allied Interstate, LLC, is a Minnesota-based limited liability company. The Defendant operates as a debt collection company within the State of New York and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6). The Defendant has alleged that the Plaintiff incurred a financial obligation in the approximate amount of $63.00 (the "Debt").

7. The Defendant claims that the client for whom the Debt is being collected is the Port Authority of New York and New Jersey. However, the incidents giving rise to the purported Debt involve an E-ZPass toll collection system. Upon information and belief, the E-ZPass toll collection system is operated and administered by Affiliated Computer Services, which is a private company that has contracted with the states of New York and New Jersey.

8. Upon information and belief, the Defendant was hired by Affiliated Computer Systems to collect the alleged Debt. The alleged Debt arose from a faulty toll collection mechanism and a faulty dispute reconciliation process. The alleged Debt arose from services provided which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Defendant attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. In the fall of 2013, the Plaintiff drove her vehicle through a tollbooth marked "E-ZPass." The Plaintiff's vehicle was mounted with an active E-ZPass transponder, and the Plaintiff's E-ZPass account was active and fully paid.

12. Shortly after the above-stated incident, the Plaintiff received a notice to pay the toll amount ($13.00) plus a penalty ($50.00) for driving through an E-ZPass tollbooth without an E-ZPass transponder.

13. After receiving the above-stated notice, the Plaintiff promptly submitted a dispute letter. The Plaintiff explained that she drove through an E-ZPass tollbooth with an active E-ZPass transponder. The Plaintiff's transponder was associated with an active E-ZPass account. The toll amount should have been automatically deducted from her E-ZPass account, and there should not have been any charges or penalty fee.

14. In response to her dispute letter, the Plaintiff received a letter from the E-ZPass NY Service Center dated November 26, 2013. The letter stated, "we regret to inform you that due to a system error, we were not able to process your dispute as intended." The letter continued, "[a]s a result, we would like to ask that you assist us in quickly resolving this matter by submitting payment for the amount below." The charges were as follows:

| Toll Due | Administrative Fee Due | Total Amount Due |
|---|---|---|
| $13.00 | $0.00 | $13.00 |

15. Almost immediately after receiving the above-stated letter from E-ZPass NY Service Center, the Plaintiff received a collection letter from the Defendant dated December 16, 2013. The Defendant's letter demanded that the Plaintiff pay $63.00 (even though the earlier letter from E-ZPass NY Service Center stated the amount due was $13.00).

16. Upon information and belief, the Defendant inflated the Plaintiff's purported balance with an amount (including a penalty fee) which was already cleared by the E-ZPass NY Service Center.

3

17. The December 16th letter from the Defendant stated, "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." This disclosure was not conspicuously stated on the letter. This disclosure was overshadowed by other language on the letter.

18. The December 16th letter from the Defendant stated, "'[i]f you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of the judgment."

19. On or about January 16, 2014, the Plaintiff mailed the Defendant a letter which stated that she disputes the Debt. In her letter, the Plaintiff asked the Defendant to send all records pertaining to the Debt. As of the date of this Complaint, the Defendant still has not provided any response.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used a false, deceptive, and/or misleading means in connection with the collection of the Debt. The Defendant's letter informed the Plaintiff that verification of the Debt would be provided. The Plaintiff disputed the Debt in writing; however, the Defendant failed to provide the verification that was promised.

22. The Defendant's conduct violated 15 U.S.C. §1692e(2)(A) in that Defendant made a false representation of the "character, amount, or legal status of [the] debt." The

4

Defendant attempted to collect a penalty fee that was already cleared by the E-ZPass NY Service Center.

23. The Defendant's conduct violated 15 U.S.C. §1692e(9) in that Defendant mailed the Plaintiff a document which created a false impression as to its authorization and/or approval. Upon information and belief, the Defendant was not authorized to demand $63.00 from the Plaintiff. Upon information and belief, "Port Authority of New York and New Jersey" is not the Defendant's client; and thus, this statement on the Defendant's letter is false.

24. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representations and a deceptive means in its attempt to collect an alleged Debt.

25. The Defendant's letter to the Plaintiff violated 15. U.S.C. §1692e(11) by failing to conspicuously state that the Defendant was attempting to collect a debt and any information obtained will be used for that purpose.

26. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used an unfair and unconscionable means to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. §1692f(1) in that the Defendant attempted to collect an amount that was not expressly authorized by the agreement creating the alleged Debt or permitted by law.

28. The Defendant's conduct violated 15 U.S.C. §1692g(a) in that the Defendant's letter did not contain the correct name of the creditor. Upon information and belief, "Port Authority of New York and New Jersey" is not the name of the Defendant's client; and thus, not the creditor of the alleged Debt. The Defendant also violated this provision by failing to respond to the Plaintiff's request to verify the Debt.

29. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. New York General Business Law §349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

33. By acting as a debt collector, the Defendant conducts business and/or provides a service within the meaning of New York General Business Law § 349.

34. Defendant engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶ 6-19, *supra*. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

35. By reason of the conduct alleged above, the Defendant engaged in deceptive conduct in violation of New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff damages pursuant to 15 U.S.C. §1692k;

2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3);

3. Awarding the Plaintiff damages and reasonable attorneys' fees pursuant to New York General Business Law §349;

4. Awarding the Plaintiff injunctive relief pursuant to New York General Business Law §349(h) (by requiring the Defendant to reverse the improperly-charged amount); and

5. Granting such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 6, 2014

Respectfully submitted,

By: /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457